VOCELLE, L.B., Associate Judge.
Appellant wife seeks review of a Final Judgment of Dissolution.
Appellee husband cross appeals and cites error of a lump sum alimony awarded to the wife.
The husband is 63 and in very poor health. He has a 50-50 chance of surviving five years. His net worth is over 6 million dollars. The marriage is of some 19 years.
The trial court adequately provided for the wife’s needs and uniquely required an irrevocable trust to be set up by the husband for payment. The trial court reserved jurisdiction for the forming, funding and all aspects of the provision of the trust.
The trial court likewise provided a lump sum alimony to the wife of a condominium in Palm Beach. The condominium was purchased by the husband for the wife to live in after he was determined to divorce her and asked her to move out of the house. He purchased the condominium for cash. However, after the dissolution proceedings began, he encumbered the condominium with a mortgage of $515,000.00. The original term was three years. Most peculiarly, the trial court, without request from the parties, refinanced the mortgage by providing a payment period of 119 months.
The judgment does not expressly direct the irrevocable trust to make the monthly mortgage pay off after the husband’s death.
The husband has liquid assets of over 6 million dollars. The complications created by the mortgage pay off arrangement far outweigh the input of the husband having to repay the $515,000.00 so that the wife owns the apartment free and clear.
It is obvious the lower court intended the wife to own the condominium free and clear, but by postponing the payment of the encumbrance for 10 years complicates matters to the detriment of the wife without any real advantage to the husband.
The Final Judgment as to the award of lump sum alimony in the condominium with a mortgage of $515,000.00 is reversed with instructions to the lower court directing the husband to satisfy the mortgage existing on the condominium and award the condominium to the wife free and clear of any encumbrance.
All other aspects of the Final Judgment are affirmed.
HURLEY, J., concurs.
LETTS, J., concurring in conclusion only.